**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CASE NO. 3:22-CV-307-FDW-DCK**

| | | |
|---|---|---|
| **CHRISTOPHER LAMIE and AMABEL LIN**, on behalf of themselves and all others similarly situated, | ) ) ) | |
| | ) ) | **CONSENT PROTECTIVE ORDER** |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| **LENDINGTREE, LLC**, | ) ) | |
| Defendant. | ) ) | |

      **THIS MATTER IS BEFORE THE COURT** on the parties' "Joint Motion For Entry Of Protective Order And ESI Protocol" (Document No. 33) filed February 14, 2023. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will <u>grant</u> the motion and enter the parties' proposed Protective Order as follows.

      The Court recognizes that the disclosures and discovery activity in this action require confidentiality protections. The Parties have agreed to be bound by the terms of this Consent Protective Order ("Protective Order") in this action.[1]

      The materials to be exchanged throughout the course of the litigation between the Parties, and produced by Non-Parties, may involve production of confidential, trade secret, proprietary, or private information, for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted, as is contemplated by Federal

---

[1] The litigants in this case are Christopher Lamie, Amabel Lin, and LendingTree, LLC (each individually a "Party" and collectively the "Parties").

Rule of Civil Procedure 26(c).  Moreover, the information likely to be the subject of the disclosure and discovery activity in this action involves issues related to privacy, data security, data governance, and data management that will likely be greater than in most cases.  It may also contain Plaintiffs' or others' confidential personal information.

The Parties hereby stipulate to and petition the Court to enter the following Protective Order.

**IT IS, THEREFORE, ORDERED** that:

1. **DEFINITIONS**

   a. "Action" refers to the above-captioned litigation.

   b. "Discovery Material" includes all information exchanged between the Parties, whether gathered through informal requests or communications between the Parties or their counsel or gathered through formal discovery conducted pursuant to Rules 30 through 36, and Rule 45.  Discovery Material includes information within documents, depositions, deposition exhibits, and other written, recorded, computerized, electronic or graphic matter, copies, and excerpts or summaries of documents disclosed as required under Rule 26(a).

   c. "Non-Party" will mean any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

   d. "Party" will mean any party to this Action, including all of its officers, directors, and employees.

   e. A "Producing Party" is a Party, or a Non-Party either acting on a Party's behalf or responding to discovery pursuant to a Rule 45 subpoena, that produces Discovery Material in this Action.

   f. "Protected Material" will mean any Discovery Material that is designated as

"CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

g.  A "Receiving Party" is a Party that receives Discovery Material from a Producing Party in this Action.

h.  A "Designating Party" is the party that designates material as "Protected Material" under this Order.

i.  A "Qualified Recipient" is a person authorized to receive Protected Materials under Paragraph 7 of this Protective Order.

**2. GENERAL RULES**

a.  *Scope*:  This Protective Order applies to all Protected Materials produced or obtained in this case, as well as (i) any information copied or extracted from Protected Materials; (ii) all physical and electronic copies, excerpts, derivations, summaries, or compilations of Protected Materials; and (iii) any testimony, conversations, or presentations by the Parties or their Counsel that might reveal Protected Materials.

However, the protections conferred by this Protective Order do not cover the following information: (i) any information that becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record through trial or otherwise (excluding any information that came into the public domain as a result of a violation of law or of this Protective Order); and (ii) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  In the event that the Action proceeds to trial by jury, the Parties will

3

seek guidance from the Court as to the handling of Protected Material before Protected Materials are displayed to the jury or moved into evidence at trial.

b. *Duration*: Even after final disposition of this Action, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Producing Party agrees in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (i) dismissal of all claims and defenses in this Action, with or without prejudice; and (ii) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

### 3. CONFIDENTIAL DISCOVERY MATERIAL

This Protective Order applies to all confidential Discovery Material produced or obtained in this case. For the purposes of this Protective Order, "CONFIDENTIAL" material shall include material that a Designating Party concludes in good faith includes:

a. Proprietary or sensitive commercial information relating to any Party's business including, but not limited to, tax data, financial information, financial or business plans or projections, proposed strategic transactions or other business combinations, internal audit practices, procedures, and outcomes, trade secrets or other commercially sensitive business or technical information, proprietary business and marketing plans and strategies, studies or analyses by internal or outside experts, competitive analyses, customer or prospective customer lists and information, profit/loss information, product or service pricing or billing agreements or guidelines, or confidential project-related information;

b. Personal data of the Parties or their employees, including but not limited to employment

4

application information; the identity of and information received from employment references; wage and income information; benefits information; tax data; financial information; employee evaluations; medical evaluation and treatment information and records; counseling or mental health records; educational records; and employment counseling, discipline, or performance improvement documentation;

c.  Information concerning settlement discussions and mediation, including demands or offers, arising from a dispute between a Party and a Non-Party;

d.  Records restricted or prohibited from disclosure by statute;

e.  Information implicating an individual's legitimate expectation of privacy, such as personal financial information, personal identifying information, or other personally or competitively sensitive information; and

f.  Any information copied or extracted from the previously described materials, including all excerpts, summaries, or compilations of this information or testimony, and documentation of questioning, statements, conversations, or presentations that might reveal the information contained within the underlying confidential Discovery Material.

**4. ATTORNEYS' EYES ONLY**

Counsel for a Designating Party may further designate confidential Discovery Material as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if such counsel concludes in good faith that the material is or contains non-public information that is highly sensitive proprietary information including, but not limited to, trade secrets or nonpublic technical, financial, personal or business information.  Such information also includes, but is not limited to, information representing internet security protocols, network security protocols, hardware and software systems used in the design and implementation of the cyber security system, intrusion

5

detection software, policies and procedures relating to cyber security, specifications, or schematics that define or otherwise describe in detail the structure of software or hardware, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

Counsel for a Producing Party may also designate confidential Discovery Material as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" when it contains confidential, nonpublic personal information of non-party consumers, the use and disclosure of which may be governed by federal or state law or other legal authority. Such laws or authority may include, without limitation, the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801, *et seq.*

5. **MANNER OF CONFIDENTIAL DESIGNATION**

A Producing Party will affix a designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," to any Discovery Material the Producing Party concludes in good faith constitutes Protected Material produced in this Action.

a. As to documentary information (defined to include paper or electronic documents, but not transcripts of depositions or other in court proceedings), the Producing Party will affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," to each page that contains Protected Material.

b. When Discovery Material is produced in native format or otherwise produced in such a manner that it is not feasible to label confidential Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Producing Party shall indicate via cover letter, slip sheet, or otherwise at the time of production that the material being produced is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

c.  Non-Parties whose documents are produced in the course of this Action may also designate documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" subject to the same protections and constraints as the Parties to this Action.  A copy of the Protective Order shall be served along with any subpoena served in connection with the Action.

**6.  TIMING OF DESIGNATION**

a.  The Producing Party will designate any Discovery Material that the Producing Party concludes in good faith qualifies for protection under this Protective Order as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before the material is disclosed or produced.

b.  If, at any time prior to the trial of this Action, a Producing Party realizes that some portion(s) of produced Discovery Material should be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Producing Party may so designate by apprising all prior recipients of the Discovery Material in writing and the Discovery Material will thereafter be deemed to be and will be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material under the terms of this Protective Order.

c.  If a Party other than the Producing Party concludes in good faith that Discovery Material produced by another Party should be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Party may so designate by apprising all prior recipients of the Discovery Material in writing and the Discovery Material will thereafter be deemed to be and will be treated as "CONFIDENTIAL" or

7

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material under the terms of this Protective Order.

## 7. QUALIFIED RECIPIENTS

For the purposes of this Protective Order, Protected Materials may only be viewed or disclosed to an authorized person (hereinafter "Qualified Recipient").

    a.    For Discovery Material designated as "CONFIDENTIAL," a Qualified Recipient means:

        i.    The Parties, including any members, council members, officers, board members, directors, employees, or other legal representatives of the Parties;

        ii.    Outside or in-house legal counsel of a Party responsible for overseeing and assisting with the Action, and members of the paralegal, secretarial, or clerical staff who are employed by, retained by, or assisting such counsel, including vendors who are retained to copy or host documents or electronic files, provide technical, litigation support, or mock trial services, or provide messenger or other administrative support services;

        iii.    Persons shown on the face or metadata of the document to have been the originator, author, or recipient of the relevant material, or if the document was produced from the witness's files;

        iv.    The Producing Party, including any current employee or director of the Producing Party, or any witness designated to testify as a Rule 30(b)(6) witness on behalf of the Producing Party;

        v.    Any non-expert witness in preparation for or during any deposition or other proceeding in this Action, and counsel for that witness, so long as (a) it is

shown through testimony or other evidentiary proof that the witness prepared, received, or reviewed the information or otherwise had personal knowledge regarding its contents prior to the initiation of the Action, and (b) no copies of such Protected Material are retained by such witnesses;

vi. Outside experts and outside consultants—including their respective staffs— who are retained by a Party to provide professional opinions or assistance for this Action, so long as those individuals sign the Acknowledgment and Agreement to be Bound ("Exhibit A")[2];

vii. Any special master, mediator, or arbitrator appointed by the Court or retained by the Parties for settlement purposes or for resolution of discovery or other disputes, and members of their staffs;

viii. The Parties' insurers for this Action, and their staff and assistants, members, officers, board members, directors or other legal representatives, so long as those individuals sign the Acknowledgment and Agreement to be Bound ("Exhibit A");

ix. Court reporters for depositions taken in this Action, including persons operating video recording equipment and persons preparing transcripts of testimony;

x. The Court and its staff, any court reporter or typist recording or transcribing hearings and testimony, and jurors;

xi. Any auditor or regulator of a Party entitled to review the Protected Material

---

[2] The Party who retains such individuals shall retain a copy of each signed Acknowledgement and Agreement to be Bound, and the Parties agree that such signed agreements are not subject to discovery except as the Court may order to investigate an alleged violation of this Protective Order.

Case 3:22-cv-00307-FDW-DCK   Document 35   Filed 02/16/23   Page 9 of 23

due to contractual rights or obligations, or federal or state laws, or court orders, but solely for such contractual or legal purposes; and

xii.   Any other persons to whom the Parties agree in writing, so long as those individuals sign the Acknowledgment and Agreement to be Bound ("Exhibit A").

b.  For information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," a Qualified Recipient means:

i.   Outside or in-house legal counsel of a Party responsible for overseeing and assisting with the Action, and members of the paralegal, secretarial, or clerical staff who are employed by, retained by, or assisting such counsel, including vendors who are retained to copy or host documents or electronic files, provide technical, litigation support, or mock trial services, or provide messenger or other administrative support services;

ii.   The Producing Party, including any current employee or director of the Producing Party, or any witness designated to testify as a Rule 30(b)(6) witness on behalf of the Producing Party;

iii.   Persons shown on the face or metadata of the document to have been the originator, author, or recipient of the relevant material, or if the document was produced from the witness's files;

iv.   Any non-expert witness in preparation for or during any deposition or other proceeding in this Action, and counsel for that witness, so long as (a) it is shown through testimony or other evidentiary proof that the witness prepared, received, or reviewed the information or otherwise had personal knowledge

10

regarding its contents prior to the initiation of the Action, and (b) no copies of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Material are retained by such witnesses;

v.     Outside experts and outside consultants—including their respective staffs— who are retained by a Party to provide professional opinions or assistance for this Action, so long as those individuals sign the Acknowledgment and Agreement to be Bound ("Exhibit A")[3];

vi.    Any special master, mediator, or arbitrator appointed by the Court or retained by the Parties for settlement purposes or for resolution of discovery or other disputes, and members of their staffs;

vii.   Court reporters for depositions taken in this Action, including persons operating video recording equipment and persons preparing transcripts of testimony;

viii.  The Court and its staff, any court reporter or typist recording or transcribing hearings and testimony, and jurors; and

ix.    Any other persons to whom the Parties agree in writing, so long as those individuals sign the Acknowledgment and Agreement to be Bound ("Exhibit A").

## 8.  DUTY AS TO DESIGNATIONS

Each Designating Party that designates information or items as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" must exercise reasonable

---

[3]  The Party who retains such individuals shall retain a copy of each signed Acknowledgement and Agreement to be Bound, and the Parties agree that such signed agreements are not subject to discovery except as the Court may order to investigate an alleged violation of this Protective Order.

care to limit any such designation to specific material that qualifies under the appropriate standards, and designate only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

## 9. LIMITATIONS ON USE

All Discovery Material produced in this Action, including but not limited to Protected Material, that are not also available in the public domain, shall be used by the Receiving Party and any Qualified Recipient only for the purposes of the above-captioned Action, and not for any business, competitive, personal, private, public, or other purpose whatsoever, unless permitted by Court order.

Nothing in this Order prohibits a Designating Party from using its own Protected Material for any purpose whatsoever.

## 10. MAINTAINING CONFIDENTIALITY

Protected Material shall be held in confidence by each Qualified Recipient to whom it is disclosed, shall be used only for purposes of this Action, and shall not be disclosed to any person who is not a Qualified Recipient. Each Party, each Qualified Recipient, and all counsel representing any Party or Non-Party, shall use their best efforts to maintain all information designated as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in such a manner as to prevent access, even at a hearing or trial, by individuals who are not Qualified Recipients. Nothing herein prevents disclosure beyond the terms of this Protective Order if the Designating Party consents in writing to such disclosure.

## 11. COPIES

12

All copies, duplicates, abstracts, extracts, digests, and analyses of information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the terms of this Protective Order must be affixed with the appropriate designation if it does not already appear on the copy. The copies, duplicates, abstracts, extracts, digests, and analyses will be afforded the full protection of this Protective Order.

**12. DOCKET FILING OF PROTECTED MATERIAL**

a. Any Party seeking to file Protected Material with the Court must contact the Designating Party or Non-Party three business days before the filing to (a) provide the Designating Party or Non-Party with notice that it seeks to file Protected Material with the Court, and (b) meet and confer in good faith to determine whether the Protected Material should be filed under seal. If the Designating Party so requests, the Party seeking to file such Protected Material must file such material under seal in accordance with the Court's standard procedures for filing documents. See Local Civil Rule 6.1.

b. The Parties must work together in good faith to coordinate the filing of all motions and material covered by this Protective Order to permit compliance with the Local Rules with respect to filing documents under seal.

**13. DEPOSITIONS**

The following procedures shall be followed at all depositions to protect the integrity of all Protected Material:

a. Only Qualified Recipients may be present at a deposition in which Protected Material is disclosed or discussed. The Disclosing Party will have the right to exclude from attendance at the deposition, during such time as the Protected Material is to be disclosed, any person other than the deponent, legal counsel, the court reporter, and other Qualified

13

Recipients as defined in this Protective Order.

b. Designations of deposition testimony as Protected Material may be made on the record or by a Party within thirty (30) days after receipt of the final deposition transcript.

c. All deposition testimony which discloses or discusses information designated as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" is likewise deemed designated as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY."

d. Nothing in this Protective Order prohibits a deposition witness from reviewing the transcript of his or her own deposition testimony and any deposition exhibits in accordance with Federal Rule of Civil Procedure 30(e).

**14. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

A Party that seeks to challenge a Designating Party's confidentiality designation will, as an initial step, contact the Designating Party in writing and confer in good faith to resolve the dispute. The Parties shall attempt to resolve such challenge and must begin the process by conferring directly (by phone, video conference, or in person) within 14 days of the date of service of notice. In conferring, the challenging Party must explain the basis for its position that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to provide the basis for the chosen designation.

If the Parties are unable to resolve the dispute without court intervention, they shall schedule a conference call with the Magistrate Judge assigned to the case before engaging in written motion practice. If the Parties cannot resolve the dispute during the conference call with the Magistrate Judge, the Magistrate Judge shall set a briefing schedule and issue a ruling on the

dispute after the Parties have briefed the relevant issues. The Parties reserve all rights to object

to the Magistrate Judge's order in accordance with Federal Rule of Civil Procedure 72 and 28

U.S.C. § 636. The Party challenging a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY" designation may not disseminate any information subject to the

Magistrate Judge's order to anyone other than Qualified Recipients until the District Court rules

on any objections or the time to file objections has expired.

### 15. USE AT COURT HEARINGS AND TRIAL

Subject to the Federal Rules of Evidence, Protected Material may be offered and received

into evidence at trial or at any hearing or oral argument. Any Party seeking to introduce Protected

Material at trial or at any hearing or oral argument must contact the Designating Party or Non-

Party one business day before the hearing to provide the Designating Party or Non-Party with

notice that it seeks to introduce Protected Material.

A Party agreeing to the entry of this Protective Order does not thereby waive the right to

object to the admissibility of the material in any proceeding, including trial. Any Party may move

the Court for an order that public access be limited, that Protected Material be reviewed *in

camera*, or that other conditions be imposed to limit the disclosure of Protected Material.

### 16. RETURN OR DESTRUCTION OF DOCUMENTS

Upon final termination of this Action, including all appeals, each Party shall make

reasonable efforts to destroy all Protected Material. The destroying Party shall notify the

Producing Party when destruction under this provision is complete. If a Party is unable to destroy

all Discovery Material designated as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL –

FOR ATTORNEYS' EYES ONLY," that material shall be returned to the Producing Party or the

Producing Party's counsel. This Protective Order shall survive the final termination of this

15

Action, and it shall be binding on the Parties and their legal counsel in the future.

Notwithstanding the foregoing, Counsel for each Party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court or entered into evidence that refer to or incorporate Protected Material and will continue to be bound by this Protective Order with respect to all such retained information. Further, attorney work product materials that contain Protected Material need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Protective Order with respect to all such retained information. Similarly, in-house counsel, outside counsel, experts, or consultants retained to assist with the litigation, and their respective employees or staff are not required to destroy other Parties' Protected Material contained within their email accounts or document management systems, so long as they otherwise comply with this Protective Order with respect to such retained material.

## 17. MODIFICATION

This Protective Order is entered without prejudice to the right of any Party or Non-Party to ask the Court to order additional protective provisions, or to modify, relax, or rescind any restrictions imposed by this Protective Order when convenience or necessity requires. Disclosure other than as provided for herein shall require the prior written consent of the Producing Party, or a supplemental Protective Order of the court.

## 18. ADDITIONAL PARTIES TO LITIGATION

In the event additional parties are joined in this Action, they shall not have access to Protected Material until the newly joined party, by its counsel, has executed and filed with the Court, its agreement to be fully bound by this Protective Order.

## 19. SANCTIONS

16

Any Party subject to the obligations of this order who is determined by the Court to have violated its terms may be subject to sanctions imposed by the Court under Rule 37 of the Federal Rules of Civil Procedure and the Court's inherent power.

**20. INADVERTENT DISCLOSURE OF PROTECTED MATERIAL**

If a Party learns that it has disclosed another Party's Protected Material to any person or in any circumstance not authorized under this Protective Order, that Party must immediately (a) notify the Designating Party in writing what was disclosed and to whom, (b) use its best efforts to retrieve all Protected Materials improperly disseminated, including all copies, (c) inform the person or persons to whom such unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Acknowledgment of Understanding and Agreement to Be Bound" that is attached hereto as Exhibit A.

**21. DISCLOSURE OF PRIVILEGED OR WORK PRODUCT DISCOVERY MATERIAL**

a. The production of attorney-client privileged, or work-product protected electronically stored information ("ESI") or paper documents, whether disclosed inadvertently or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness, or segregation of privileged or protected information before production.

b. Any party who inadvertently discloses documents that are privileged or otherwise immune from discovery shall promptly upon discovery of such disclosure, advise the Receiving

Party and request that the documents be returned, deleted, or destroyed. The Receiving Party shall promptly return such produced documents or certify their deletion or destruction, including all copies, within 14 days of receiving such a written request. The Receiving Party's return, deletion, or destruction of information pursuant to this paragraph does not waive its right to challenge any claim of privilege, confidentiality, or other protection.

## 22. PROTECTED MATERIAL SOUGHT IN OTHER PROCEEDINGS

a. *In General.* If a Party is served with a document request, subpoena, court order, or any other request for information (including, but not limited to, requests in litigation, administrative proceedings, arbitration, or government inquiries) that seeks disclosure of any Protected Materials, that Party must:

    i. Promptly notify in writing the Designating Party. Such notification shall include a copy of the request;

    ii. Promptly notify in writing the person who caused the request to issue that some or all of the material covered by the request is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

    iii. Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

b. *Protection.* If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued regarding the Designating Party's motion, unless the Party has obtained the Designating Party's

18

permission or such production is required by law.  The Designating Party shall bear its own expenses of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**23. GOVERNING LAW**

To the extent that a Party – including any third party that produces documents in response to a discovery request, subpoena or court order in this Action – produces Discovery Material containing confidential, nonpublic personal information of non-party consumers, such production is deemed by the Court to fall within the exception set forth in 15 U.S.C. § 6802(e)(8).  To the extent any additional federal or state laws or other legal authority governing the disclosure or use of confidential, nonpublic personal information permit disclosure of such information pursuant to judicial process or an order of a court, this Protective Order shall constitute compliance with such requirements.

A Producing Party may redact confidential, nonpublic personal information prior to production, without prejudice to providing necessary unredacted information to a claims administrator if a class is certified.  Any Producing Party may seek additional orders from this Court that such Party believes may be necessary to comply with any applicable law.

**24. MISCELLANEOUS**

a.  Nothing within this Protective Order will prejudice the right of any Party to object to the production of any Discovery Material on the grounds that the material is protected as privileged or as attorney work product.

19

b.  Nothing in this Protective Order will bar counsel from rendering advice to their clients with respect to this Action and, in the course thereof, relying upon any information designated as Protected Material, provided that the contents of the information must not be disclosed.

c.  This Protective Order will be without prejudice to the right of any Party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information.  The existence of this Protective Order must not be used by either Party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

d.  Nothing within this Protective Order will be construed to prevent disclosure of confidential information if such disclosure is required by law or by order of the Court.

e.  Nothing in this Protective Order shall impose any restriction on the use or disclosure by a Party of its own documents or information.

f.  Transmission by email or some other currently utilized method of transmission is acceptable for all notification purposes within this Protective Order.

**SO ORDERED**.

Signed: February 16, 2023

David C. Keesler
United States Magistrate Judge

**STIPULATED AND AGREED**:


Dated: February 16, 2023

/s/ *Raina C. Borrelli*
Raina C. Borrelli
raina@turkestrauss.com
TURKE & STRAUSS LLP
613 Williamson St., Suite 201
Madison, WI 53703
Telephone: (608) 237-1775
Facsimile: (608) 509-4423

*Counsel for Plaintiffs*

/s/ *Brandon C.E. Springer*
Brandon C.E. Springer (Bar No. 54523)
ALSTON & BIRD LLP
101 N. Tryon Street, Suite 4000
Charlotte, NC 28280
Telephone:  (704) 444- 1007
Fax:  (704) 444-1111
brandon.springer@alston.com

Kristine M. Brown (*pro hac vice*)
Scott A. Elder (*pro hac vice*)
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
Telephone:  (404) 881-7000
Fax:  (404) 881-7777
kristy.brown@alston.com
scott.elder@alston.com

*Counsel for Defendant*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CASE NO. 3:22-CV-307-FDW-DCK**

| | |
|---|---|
| **CHRISTOPHER LAMIE and AMABEL LIN**, **on behalf of themselves and all others similarly situated**, )<br>)<br>)<br>) | **EXHIBIT A** |
| )<br>**Plaintiffs,** )<br>) | |
| **v.** )<br>) | |
| **LENDINGTREE, LLC,** )<br>) | |
| **Defendant.** )<br>) | |

_____  )

## ACKNOWLEDGEMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND

I, _____ [*print or type full name*], of

_____ [*print or type full

address*], declare under penalty of perjury that I have read in its entirety and understand the

Consent Protective Order ("Order") that was issued by the United States District Court for the

Western District of North Carolina on [date] in the case of <u>Lamie et al. v. LendingTree, LLC</u>,

Case No. 3:22-CV-307-FDW-DCK.

I agree to comply with and to be bound by all the terms of the Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment in the nature

of contempt. I solemnly promise that I will not disclose in any manner any information or item

that is subject to the Order to any person or entity except in strict compliance with the provisions

of the Order.

22

I will access and review Protected Material that may be provided to me solely for the purpose of my role in assisting with prosecuting, defending, or attempting to settle this litigation or to comply with judicial process or any applicable statute or regulation and for no other purpose whatsoever. I further agree not to disclose any Protected Material except as allowed by the terms of the Order. I will only make such copies of or notes concerning the Protected Material as are necessary to assist with prosecuting, defending, or attempting to settle this litigation or to comply with judicial process or any applicable statute or regulation in connection with this action. Upon final determination of this action, I shall promptly and securely destroy or delete all Protected Material provided to me as well as any hard and electronic copies, abstracts, derivations, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. I understand that my obligations pertaining to the Protected Material continue event after the conclusion of the action.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of North Carolina for the purpose of enforcing the terms of the Order, even if such enforcement proceedings occur after termination of this action.

Name: _____

Job Title: _____

Employer: _____


Date: _____

Signature: _____