UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| CHRISTOPHER LAMIE and AMABEL LIN, on behalf of themselves and all others similarly situated,<br><br>       Plaintiffs,<br><br>v.<br><br>LENDINGTREE, LLC,<br><br>       Defendant. | Case No. 3:22-cv-00307<br><br>Judge Frank D. Whitney |

**JOINT DECLARATION OF PLAINTIFFFS' COUNSEL SUPPORTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

1. We are counsel for Plaintiffs in the above-captioned case. This declaration supports Plaintiffs' Motion for Preliminary Approval of Class Action Settlement with Defendant, LendingTree, LLC, ("LendingTree"), and the attachments thereto, including the Claim Form, the Short Notice, the Long Form Notice, the Proposed Preliminary Approval Order, and the Proposed Final Approval Order, attached to the Settlement Agreement and Declaration of Plaintiffs' counsel, filed herewith in support of this motion. This declaration explains the bases for the settlement, including the significant relief it affords the Settlement Class. We have personal knowledge of the facts in this declaration and could testify to them if called on to do so.

**LITIGATION BACKGROUND**

**I. Procedural History**

2. Plaintiffs are victims of LendingTree's Data Breach, having received a Notice of Data Breach letter from LendingTree.

3. Upon receiving notice that his PII had been impacted by the Data Incident, Plaintiff Lamie retained proposed Class Counsel.

4. Plaintiffs' counsel conducted extensive pre-suit discovery to ascertain all publicly available details about the cause, scope, and result of the data breach, as well as about the damages suffered by the Plaintiffs and the Class.

5. On July 11, 2022, after counsel completed an internal investigation, Plaintiff Lamie filed his class action complaint alleging three separate counts against Defendant: negligence; unjust enrichment; negligence *per se*; breach of implied contract; and for violations of North Carolina's Unfair and Deceptive Trade Practices Act. That case is styled *Lamie v. LendingTree, LLC*, Case No. 3:22-cv-00307 (W.D.N.C.) and alleged that LendingTree failed to adequately safeguard its electronically stored private information in connection with the February 2022 data security incident involving LendingTree.

6. On September 2, 2022, the Plaintiffs amended their complaint to add Plaintiff Amabel Lin.

7. On September 16, 2022, LendingTree filed a Motion to Dismiss Plaintiffs' Amended Complaint. Doc. 20. Plaintiffs filed their response and opposition to this motion, and Defendant filed a reply.

8. While the motion was pending, the Parties negotiated a Rule 26 report, negotiated an ESI protocol, and engaged in formal discovery. Plaintiffs retained experts and prepared for class certification.

9. The motion was subsequently denied on February 9, 2023. ECF Doc. 31.

10. After meeting and conferring on multiple occasions regarding the potential for early settlement, the Parties agreed to mediate the case.

11. Following arms-length negotiations, the Parties negotiated a settlement with the assistance of Hunter Hughes, Esq. at a mediation on May 30, 2023. The Parties agreed to resolve all matters pertaining to, arising from, or associated with the Litigation, including all claims Plaintiffs and Settlement Class Members have or may have had against LendingTree and related persons and entities.

12. Throughout their mediation session, the Parties engaged in an extensive evaluation and discussion of the relevant facts and law, and the Parties carefully considered the risk and uncertainties of continued litigation.

13. Over the next several weeks following mediation, the Parties diligently negotiated, drafted, and finalized the settlement agreement, notice forms, and came to an agreement on a claims process and administrator. The Settlement Agreement was finalized and signed by the Parties in July 2023.

14. The Parties agreed KCC, LLC ("KCC") would serve as Claims Administrator. KCC has a trusted and proven track record of supporting hundreds of class action administrations, with vast legal administration experience.

**COUNSEL'S RECOMMENDATION**

15. Our collective years of experience representing individuals in complex class actions—including data breach actions—informed Plaintiffs' settlement position, and the needs of Plaintiffs and the proposed Settlement Class. While we believe in the merits of the claims brought in this case, we are also aware that a successful outcome is uncertain and would be achieved, if at all, only after prolonged, arduous litigation with the attendant risk of drawn-out appeals and the potential for no recovery at all. Based upon our collective substantial experience, it is our opinion that the proposed settlement of this matter provides significant relief to the members of the

Settlement Class and warrants the Court's preliminary approval. The settlement is well within the range of other data breach settlements in the relief that it provides.

16. The Settlement's terms are designed to address the potential harms caused by the data breach, providing credit monitoring and identity theft restoration services, reimbursing economic and non-economic losses, and verifying that Defendant has improved its data security.

17. This result is particularly favorable given the risks of continued litigation. Plaintiffs faced serious risks prevailing on the merits, including proving causation, as well as risk at class certification and at trial, and surviving appeal. A settlement today not only avoids the risks of continued litigation, but it also provides benefits to the Settlement Class Members now as opposed to after years of risky litigation.

18. The Settlement's benefits unquestionably provide a favorable result to the Settlement Class Members, placing the Settlement well within the range of possible final approval and satisfying the requirements for preliminary approval under applicable law. Therefore, the Court should grant preliminary approval.

19. Additionally, the Notice program contemplated by the Settlement provides the best practicable method to reach Settlement Class Members and is consistent with other class action notice programs that have been approved by various courts for similarly situated matters. Direct notice to the Settlement Class by U.S. Mail is still deemed the "gold standard" for notice.

20. Thus, Settlement Class Counsel asks the Court to grant preliminary approval of the Settlement Agreement and enter the proposed preliminary approval order filed with this motion.

## COUNSEL'S QUALIFICATIONS

**A. David Lietz of Milberg Coleman Bryson Phillips Grossman, PLLC**

21. David Lietz is currently a partner of the law firm Milberg Coleman Bryson Phillips Grossman, PLLC ("Milberg"). Mr. Lietz is one the lead attorneys for Plaintiffs and seeks appointment as Class Counsel for the proposed Settlement Class, along with Raina C. Borrelli.

22. Mr. Lietz is a 1991 graduate of Georgetown University Law Center. Mr. Lietz has been licensed to practice law in the District of Columbia since 1991, is a member of the bars of numerous federal district and appellate courts, and has over three decades of litigation and class action experience.

23. Mr. Lietz has represented and is currently representing plaintiffs in more than 100 class action lawsuits in state and federal courts throughout the United States. Both Mr. Lietz and his firm carry on a national and international class action law practice. With respect to data privacy cases, Mr. Lietz am currently litigating more than one hundred cases across the country involving violations of privacy violations, data breaches, and ransomware attacks.

24. Since March 14, 2020, Mr. Lietz (either individually or as a member of his law firm) has been appointed class counsel in a number of data breach or data privacy cases, including:

- *Kenney et al. v. Centerstone of America, Inc.*, Case No. 3:20-cv-01007 (M.D. Tenn.) (appointed co-class counsel in data breach class action settlement involving over 63,000 class members; final approval granted August 2021);

- *Baksh v. Ivy Rehab Network, Inc.*, Case No. 7:20-cv-01845-CS (S.D.N.Y.) (class counsel in a data breach class action settlement; final approval granted February 2021);

- *Mowery et al. v. Saint Francis Healthcare System*, Case No. 1:20-cv-00013-SRC (E.D. Mo.) (appointed class counsel; final approval granted December 2020);

- *Chatelain et al. v. C, L and W PLLC d/b/a Affordacare Urgent Care Clinics*, Case No. 50742-A (42nd District Court for Taylor County, Texas) (appointed class counsel; settlement valued at over $7 million; final approval granted February 2021);

- *Jackson-Battle v. Navicent Health, Inc.,* Civil Action No. 2020-CV-072287 (Superior Court of Bibb County, Georgia) (appointed class counsel in data breach case involving 360,000 patients; final approval granted August 2021);

- *Bailey v. Grays Harbor County Public Hospital District et al.*, Case No. 20-2-00217-14 (Grays Harbor County Superior Court, State of Washington) (appointed class counsel in hospital data breach class action involving approximately 88,000 people; final approval granted September 2020);

- *Chacon v. Nebraska Medicine*, Case No. 8:21-cv-00070-RFR-CRZ (D. Neb.) (appointed class counsel in data breach settlement, final approval granted September 2021);

- *Richardson v. Overlake Hospital Medical Center et al.*, Case No. 20-2-07460-8 SEA (King County Superior Court, State of Washington (appointed class counsel in data breach case, final approval granted September 2021);

- *Martinez et al. v. NCH Healthcare System, Inc.*, Case No. 2020-CA-000996 (Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida) (appointed Settlement Class Counsel; final approval granted October 2021);

- *Carr et al. v. Beaumont Health et al.*, Case No. 2020-181002-NZ (Circuit Court for the County of Oakland, Michigan) (appointed co-class counsel in data breach case involving 112,000 people; final approval granted October 2021);

- *Klemm et al. v. Maryland Health Enterprises Inc.*, Case No. C-03-CV-20-022899 (Circuit Court for Baltimore County, Maryland) (appointed class counsel; final approval granted November 2021);

- *Cece et al. v. St. Mary's Health Care System, Inc. et al.*, Civil Action No. SU20CV0500 (Superior Court of Athens-Clarke County, Georgia) (appointed Settlement Class Counsel in data breach case involving 55,652 people; final approval granted April 2022);

- *Powers, Sanger et al v. Filters Fast LLC*, Case 3:20-cv-00982-jdp (appointed co-lead Settlement Class Counsel; final approval granted July 2022);

- *Garcia v. Home Medical Equipment Specialists, LLC*, Case No. D-202-cv-2021-06846 (appointed class counsel; final approval granted June 2022);

- *Baldwin et al. v. National Western life Insurance Company*, Case No. 2:21-cv-04066 (W.D. Mo.) (appointed co-class counsel; final approval granted June 2022);

- *Hashemi, et. al. v. Bosley, Inc.*, Case No. 21-cv-00946-PSG (RAOx) (C.D. Cal.) (appointed co-class counsel; final approval granted November 2022);

6

- *Paras et al. v. Dental Care Alliance*, Civil Action No. 22EV000181 (State Court of Fulton County, Georgia (appointed co-class counsel; final approval granted September 2022);

- *James v. CohnReznick LLP*, Case No. 1:21-cv-06544 (S.D.N.Y.), (appointed as co-class counsel; final approval granted September 2022);

- *Purvis, et al v. Aveanna Healthcare, LLC*, Case No. 1:20-cv-02277-LMM (N.D. Ga.) (appointed class counsel; final approval granted October 2022);

- *Kolar v. CSI Financial Services LLC dba ClearBalance*, Case No. 37-2021-00030426-CU-NP-CTL (Superior Court of San Diego County, California) (appointed co-lead class counsel, final approval granted January 2023);

- *In re: California Pizza Kitchen Data Breach Litigation*, Master File No.: 8:21-cv-01928-DOC-KES (C.D. Cal.) (appointed settlement class counsel; final approval granted February 2023);

- *Snyder v. Urology Center of Colorado, P.C.*, Case No. 2021CV33707 (2nd District Court, Denver County, Colorado) (appointed settlement class counsel; final approval granted October 2022);

- *Steen v. The New London Hospital Association, Inc.*, Civil Action No. 217-2021-CV-00281 (Merrimack Superior Court, New Hampshire) (appointed class counsel; final approval granted January 2023);

- *Gonshorowski v. Spencer Gifts LLC*, Docket Number ATL-L-000311-22 (Superior Court of New Jersey, Law Division, Atlantic County (appointed Class Counsel; final approval granted September 12, 2022);

- *Nelson et. al v. Bansley & Kiener, LLP*, Civil Action No. 2021CH06274 (Ill. 1st Jud. Cir. Crt., Cook Cnty.) (appointed class counsel; final approval granted November, 2022);

- *Henderson et al. v. San Juan Regional Medical Center*, Case No. D-1116-CV-2021=01043 (11th Jud. Dist. Court, San Juan County, NM) (appointed class counsel; final approval granted March 2023);

- *Cathy Shedd v. Sturdy Memorial Hospital, Inc.*, Civ. Action No: 2173 CV 00498 (Mass. Sup. Ct. Dept.) (appointed class counsel; final approval granted February 2023);

- *Pagan et al. v. Faneuil, Inc.*, Civil Action No. 3:22-cv-297 (E.D. Va.) (appointed class counsel; final approval granted February 2023);

- *Hawkins et al. v. Startek, Inc.*, Case No. 1:22-cv-00258-RMR-NRN (D. Colo.) (appointed class counsel; final approval granted April 2023);

- *McManus v. Gerald O. Dry*, P.A., Case No. 22 CVS 001776 (N.C. Superior Court for Cabarrus County) (appointed settlement class counsel; final approval granted March 2023);

- *McHenry v. Advent Health Partners, Inc.*, Case No. 3:22-cv-00287 (M.D. Tenn.) (appointed class counsel; final approval granted April 2023),

- *Lopez v. San Andreas Regional Center*, Case N0. 21CV386748 (Sup. Ct. CA, Santa Clara County) (appointed settlement class counsel; preliminary approval granted December 13, 2022);

- *Charlie, et al. v. Rehoboth McKinley Christian Health Care Services*, Civil No 21-652 SCY/KK (D.N.M.) (appointed class counsel, final approval granted May 2023);

- *Arbuthnot v. Acuity – CHS, LLC*, Case No. 6:22-cv-658-PGB-DCI (M.D. Fla.) (appointed Settlement Class Counsel; preliminary approval granted April 6, 2023);

- *Bergeson v. Virginia Mason Medical Center*, Case No. 22-2-09089-8 SEA (Superior Court of Washington for King County) (appointed Settlement Class Counsel; preliminary approval granted April 7, 2023), and;

- *Reynolds et al. v. Marymount Manhattan College*, Case No. 1:22-CV-06846-LGS (S.D.N.Y.) (appointed Settlement Class Counsel; preliminary approval granted May 18, 2023).

25. Mr. Lietz is also lead or co-lead counsel on the following cases that are on the cutting edge of Article III federal court jurisdiction in data breach litigation—*Webb v. Injured Workers Pharmacy, LLC*, No. 22-1896, --- F.4th ---, 2023 WL 4285814 (1st Cir. June 30, 2023); *Charlie v. Rehoboth McKinley Christian Healthcare Services*, Civ. No. 21-652 SCY/KK, 2022 WL 1078553 (D.N.M. April 11, 2022); *Purvis v. Aveanna Healthcare, LLC*, 563 F. Supp. 3d 1360 (N.D. Ga. 2021); *Baldwin v. Nat'l W. Life Ins. Co.*, No. 2:21-CV-04066-WJE, 2021 WL 4206736, at *1 (W.D. Mo. Sept. 15, 2021) and *McCreary v. Filters Fast LLC*, No. 3:20-CV-595-FDW-DCK, 2021 WL 3044228 (W.D.N.C. July 19, 2021).

26. For his substantial efforts in advancing the state of the law in data breach and cyber-security litigation, in April 2022 Mr. Lietz was named to Law360's 2022 Cybersecurity & Privacy Editorial Board. This 12-person editorial board includes some of the most accomplished attorneys

in the country in the cybersecurity and data breach legal field, and it is a high honor for to be included on.

27. Mr. Lietz has been appointed as class counsel in other consumer class action cases and has tried consumer class action cases to verdict before a jury, most recently in *Baez v. LTD Financial Services*, Case No: 6:15-cv-1043-Orl-40TBS (M.D. Fla.).

28. Mr. Lietz's experience with class actions also includes a leadership role in a Massachusetts Walmart wage abuse class action, national HMO litigation, the Buspirone MDL, and Louisiana Norplant litigation.

29. In addition to his class action experience, Mr. Lietz has substantial appellate experience, successfully briefing and arguing multiple cases before a number of federal appellate courts, including *Home Depot v. Jackson* at the U.S. Court of Appeals for the Fourth Circuit, and served as part of the successful brief-writing and oral advocacy team for *Home Depot v. Jackson*, 139 S. Ct. 1743(2019) at the United States Supreme Court.

30. Prior to concentrating his practice on consumer class action litigation, Mr. Lietz litigated critical injury and wrongful death actions arising from commercial incidents, such as tractor trailer incidents, industrial explosions, a subway collision, and commercial airplane crashes. A representative list of his critical injury and wrongful death cases include:

- Represented the family of the deceased conductor of the Washington Metropolitan Area Transit Authority subway train that collided with another Metro train in 2009.

- Represented the family of a fatality victim of the 2006 Greyhound bus crash near Elizabethtown, New York.

- Represented six victims (four deceased, two injured) of a massive fog related pileup on the Pennsylvania Turnpike in 2003.

- Represented three victims (two deceased, one injured) of the 2002 Interstate 40 Bridge Collapse, where a tugboat and barge hit an interstate highway bridge near Webbers Falls, Oklahoma and caused several vehicles to plunge into the Arkansas River.

- Represented the family of one victim of the 2000 Alaska Airlines Flight 261 crash, where an MD-83 with a cracked jackscrew nosedived into the water off Point Mugu, California.

- Represented the victims (one deceased, one critically injured) of a 2000 incident where a tractor trailer rear ended a line of stopped traffic near Hopkinsville, Kentucky.

- Represented a critically burned victim of the 1998 explosion at the State Line Energy plant in Hammond, Indiana, where a massive coal dust explosion ripped through the power plant, causing power shortages all over the city of Chicago, Illinois.

- Represented the families of four victims of the 1996 Valujet Flight 592 crash, where a DC-9 developed a cargo hold fire and crashed into the Everglades near Miami, Florida.

- Represented the family of a victim of a 1994 crane collapse in Laughlin, Nevada, when a mobile truck crane toppled across the parking lot of a casino.

31. Mr. Lietz negotiated several million+ dollar settlements, served as lead counsel in multiple civil actions, tried a number of cases to verdict in both jury and bench trials, and argued cases before federal district and appeals courts, and numerous state courts. Mr. Lietz has lifetime verdicts and settlements in excess of $100 million, and consistently achieved settlements in the highest quartile of tort and mass tort cases. Mr. Lietz litigated against some of the largest transportation-related companies in the US, including Greyhound, Goodyear, Cessna, Textron, and the Washington Metropolitan Area Transit Authority (WMATA).

32. Mr. Lietz was first awarded the prestigious "AV" rating from Martindale-Hubbell in 1998, and has maintained that rating (and the concomitant listing in the Bar Register of Preeminent Lawyers) ever since.

33. In addition to his personal qualifications, Mr. Lietz brings the support and resources of Milberg to this case on behalf of the putative class. Milberg pioneered federal class action litigation and is widely recognized as a leader in defending the rights of victims of corporate and other large-scale wrongdoing, repeatedly taking the lead in landmark cases that have set

groundbreaking legal precedents, prompting changes in corporate governance, and recovering over $50 billion in verdicts and settlements. A brief firm biography is attached to this declaration as **Exhibit A**.

34. Milberg is and has been one of the nation's most prominent class action law firms since its founding in 1965. Milberg continues to break new ground in cybersecurity and data privacy cases, including taking a co-lead counsel role in the high-profile I*n re: Blaukbaud, Inc. Customer Data Security Breach Litigation* (MDL 2972) that has established pleading standards and Art. III standing guidelines for data breach cases. Milberg has and is litigating multiple class actions against other companies within the same industry as Creative Services.

35. Mr. Lietz's experience and Milberg's data breach experience compare favorably with that of any law firm in the country. The firm has ample resources (both financial and personnel, with over 100+ attorneys at the firm) to fully and adequately represent the interests of the proposed class here.

## B. Raina Borrelli, Turke & Strauss LLP

36. Turke and Strauss is a law firm in Madison, Wisconsin, that focuses on complex civil and commercial litigation with an emphasis on consumer protection, employment, wage and hour, business, real estate, and debtor-creditor matters.

37. Raina Borrelli is a partner at Turke & Strauss LLP whose practice focuses on complex class action litigation, including data breach, Telephone Consumer Protection Act, false advertising, and consumer protection cases in both state and federal courts around the country. Ms. Borrelli received her J.D. magna cum laude from the University of Minnesota Law School in 2011. Prior to joining Turke & Strauss, Ms. Borrelli was a partner at Gustafson Gluek, where she successfully prosecuted complex class actions in federal and state courts. Ms. Borrelli is an active

member of the Minnesota Women's Lawyers and the Federal Bar Association, where she has assisted in the representation of pro se litigants though the Pro Se Project. Ms. Borrelli has repeatedly been named to the annual Minnesota "Rising Star" Super Lawyers list (2014 –2021) by SuperLawyers Magazine. She has also been repeatedly certified as a North Star Lawyer by the Minnesota State Bar Association (2012 –2015; 2018 –2020) for providing a minimum of 50 hours of pro bono legal services. In recent years, Ms. Borrelli has been substantially involved in a number of complex class action matters in state and federal courts including: *Hudock v. LG Electronics USA, Inc.*, 16-cv-1220 (JRT/KMM) (D. Minn.); *Baldwin v. Miracle-Ear, Inc.*, 20-cv-01502 (JRT/HB) (D. Minn.); *In re FCA Monostable Gearshifts Litig.*, 16-md-02744 (E.D. Mich.); *Zeiger v. WellPet LLC*, 17-cv-04056 (N.D. Cal.); *Wyoming v. Procter & Gamble*, 15-cv-2101 (D. Minn.); *In re Big Heart Pet Brands Litig.*, 18-cv-00861 (N.D. Cal.); *Sullivan v. Fluidmaster*, 14-cv-05696 (N.D. Ill.); *Rice v. Electrolux Home Prod., Inc.*, 15-cv-00371 (M.D. Pa.); *Gorczynski v. Electrolux Home Products, Inc.*, 18-cv-10661 (D.N.J.); *Reitman v. Champion Petfoods*, 18-cv-1736 (C.D. Cal.); *Reynolds, et al., v. FCA US, LLC*, 19-cv-11745 (E.D. Mich.).

38.     Ms. Borrelli has significant experience in data privacy litigation and is currently litigating more than one-hundred data breach cases in courts around the country as lead counsel or co-counsel on behalf of millions of data breach victims, including *In re Netgain Tech. Consumer Data Breach Litig.*, 21-cv-1210 (D. Minn.) (appointed by the court to the Plaintiffs' Interim Executive Committee); *In re C.R. England, Inc. Data Breach Litig.*, 2:22-cv-374-DAK-JCB (appointed by the court has Interim Co-Lead Counsel); *Medina et al. v. PracticeMax Inc.*, 22-cv-01261-DLR (D. Ariz.) (appointed to Executive Leadership Committee); *Forslund et al. v. R.R. Donnelley & Sons Co.*, 1:22-cv-04260 (N.D. Ill.) (appointed as interim co-lead class counsel); *In re Lincare Holdings, Inc. Data Breach Litig.*, 8:22-cv-01472 (M.D. Fla.) (appointed to Interim

Executive Leadership Committee); *McLaughlin v. Flagstar*, 22-cv-11470 (E.D. Mich.); *Corra et al. v. Acts Retirement Services, Inc.*, 2:22-cv-02917 (E.D. Pa.); *Grogan v. McGrath RentCorp., Inc.*, 22-cv-490 (N.D. Cal.); *Goetz v. Benefit Recovery Specialists, Inc.*, Case No. 2020CV000550 (Wis. Cir. Ct., Walworth Cty.) (data breach settlement on behalf of 500,000 breach victims); *Kunkelman v. Curators of the University of Missouri, d/b/a MU Health Care*, Case No. 21BA-CV00182 (Mo. Cir. Ct., Boone Cty.); *Baldwin v. Nat'l Western Life Ins. Co.*, 21-cv-04066-WJE (W.D. Mo.) (settlement on behalf of 800,000 data breach victims).

39. The Turke & Strauss Firm Resume is attached hereto as **Exhibit B.**

Pursuant to 28 U.S.C. § 1746, we declare signed under penalty of perjury of the United States of America that the foregoing is true and correct.

Dated: July 20, 2023

TURKE & STRAUSS LLP

By: /s/ Raina C. Borrelli
Raina C. Borrelli (*pro hac vice*)
613 Williamson St., Suite 201
TURKE & STRAUSS LLP
Madison, WI 53703
Telephone: (608) 237-1775
Facsimile: (608) 509-4423
raina@turkestrauss.com

/s/ David K. Lietz
David K. Lietz (*pro hac vice* anticipated)
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC
5335 Wisconsin Avenue NW, Suite 440
Washington, D.C. 20015-2052
Telephone: (202) 744-1795
Facsimile: (202) 686-2877
dlietz@milberg.com

*Attorneys for Plaintiffs and Proposed Settlement Class*

## CERTIFICATE OF SERVICE

I, Raina C. Borrelli, hereby certify that on July 20, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record via the ECF system.

DATED this 20th day of July, 2023.

        TURKE & STRAUSS LLP

        By: */s/ Raina C. Borrelli*
            Raina C. Borrelli
            raina@turkestrauss.com
            TURKE & STRAUSS LLP
            613 Williamson St., Suite 201
            Madison, WI 53703
            Telephone: (608) 237-1775
            Facsimile: (608) 509-4423