UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:22-CV-00307-FDW-SCR

| | |
|---|---|
| CHRISTOPHER LAMIE AND AMABEL LIN, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, <br><br>Plaintiffs, <br><br>v. <br><br>LENDINGTREE, LLC, <br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) **ORDER** |

**THIS MATTER** is before the Court upon the Court's review of Plaintiffs' Motion for Approval of Attorneys' Fees, Expenses, and Service Award, (Doc. No. 50), and the Declaration in Support of the Motion, (Doc. No. 51).

Rule 23(h) provides in relevant part, "In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). In a class action case, "There are two main methods for calculating the reasonableness of attorneys' fees—the lodestar method and the percentage-of-recovery method." McAdams v. Robinson, 26 F.4th 149, 162 (4th Cir. 2022). "The lodestar method calculates reasonable fees by multiplying the number of reasonable hours expended times a reasonable rate." Id. (quoting McAfee v. Boczar, 738 F.3d 81, 88 (4lh Cir. 2013)). "The percentage-of-recovery method considers the portion of the total settlement fund that will go to attorneys' fees." McAdams, 26 F.4th at 162. The Fourth Circuit made clear, "A district court may choose the method it deems appropriate based on its judgment and the facts of the case." Id. at 163. In so ruling, the McAdams decision—issued in 2022—explicitly noted, with citation to a

1

lower district court decision, "'The Fourth Circuit has neither announced a preferred method for determining the reasonableness of attorneys' fees in common fund class actions nor identified factors for district courts to apply when using the percentage method.'" Id. (quoting Jones v. Dominion Res. Servs., Inc., 601 F. Supp. 2d 756, 760 (S.D. W. Va. 2009)).

In light of this authority, the Court finds helpful decisions where courts in this Circuit "will review the lodestar method to serve as a 'cross-check' to ensure that the percentage award is fair and reasonable." Kruger v. Novant Health, Inc., No. 1:14CV208, 2016 WL 6769066, at *4 (M.D.N.C. Sept. 29, 2016) (cleaned up; collecting cases); see also Donaldson v. Primary Residential Mortg., Inc., Civ. No. ELH-19-1175, 2021 WL 2187013, at *8 (D. Md. May 28, 2021) ("Courts in this circuit generally use a percentage of recovery method and supplement it with the lodestar method as a cross-check.").

Here, counsel seeks a percentage-of-recovery award of one-third of the settlement fund; however, the materials before the Court do not provide any information to allow the Court to "cross-check" that award using the lodestar method. Accordingly, the Court ORDERS Plaintiffs' counsel to supplement their motion with additional argument and evidence to allow the Court to consider the reasonableness of the attorneys' fees sought in this case. Supplemental briefing must be filed no later than January 31, 2024.

**IT IS SO ORDERED.**

Signed: January 22, 2024

Frank D. Whitney
United States District Judge