UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00307-FDW-SCR

| |
|---|
| **CHRISTOPHER LAMIE and AMABEL LIN**, on behalf of themselves and all others similarly situated,<br><br>                              **Plaintiffs,**<br><br>   v.<br><br>**LENDINGTREE, LLC,**<br><br>                              **Defendant.** |

## **MEMORANDUM AND RECOMMENDATION**

**THIS MATTER** is before the Court on Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement ("Motion for Final Approval"). (Doc. No. 52). The Motion seeks approval of the Settlement as fair, reasonable, and adequate.

The Motion for Final Approval has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 72.1(a)(3) (Doc. No. 54) and is ripe for disposition. The undersigned Magistrate Judge held a Final Approval Hearing on January 25, 2024.[1]

Having fully reviewed and considered the Settlement Agreement, Motion for Final Approval, the record, arguments, and applicable authority, and having conducted a Final Approval

---

[1] With the electronic consent provided to the District Judge by counsel for all represented parties, the District Judge designated the undersigned Magistrate Judge to conduct the Final Approval Hearing and to submit proposed findings of fact and recommendations for disposition of the Motion for Final Approval. (Doc. No. 54). At the January 25, 2024 Final Approval Hearing, counsel for all represented parties also consented on the record to the undersigned conducting the Final Approval Hearing and submitting proposed findings of fact and recommendations for the District Judge.

Hearing, the undersigned makes the following findings and respectfully recommends that the Motion for Final Approval be granted upon the terms and conditions set forth in this Memorandum and Recommendation.

WHEREAS, on September 25, 2023, the Court entered an Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") (Doc. No. 49) which, among other things: (a) conditionally certified this matter as a class action, including defining the class and class claims; (b) appointed Plaintiffs as the Class Representatives and appointed David Lietz of Milberg Coleman Bryson Phillips Grossman and Raina Borrelli of Turke & Strauss LLP as Class Counsel; (c) preliminarily approved the Settlement Agreement; (d) approved the form and manner of Notice to the Settlement Class; (d) set deadlines for opt-outs and objections; (e) approved and appointed the Claims Administrator; and (f) set the date for the Final Fairness Hearing;

WHEREAS, on October 25, 2023, pursuant to the Notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Settlement Class was notified of the terms of the proposed Settlement Agreement, of the right of Settlement Class Members to opt-out, and the right of Settlement Class Members to object to the Settlement Agreement and to be heard at a Final Fairness Hearing;

WHEREAS, on January 25, 2024, the undersigned held a Final Approval Hearing to determine, inter alia: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release of the claims contemplated by the Settlement Agreement; and (2) whether judgment should be entered dismissing this action with prejudice. Prior to the Final Approval Hearing, a declaration of compliance with the provisions of the Settlement Agreement and Preliminary Approval Order relating to notice was filed with the Court as required

by the Preliminary Approval Order. Therefore, the undersigned is satisfied that Settlement Class Members were properly notified of their right to appear at the Final Approval Hearing in support of or in opposition to the proposed Settlement Agreement, the award of attorneys' fees, costs, and expenses to Class Counsel, and the payment of a Service Award to the Class Representative;

WHEREAS, the undersigned not being required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

WHEREAS, the undersigned being required under Federal Rule of Civil Procedure 23(e) to make the findings and conclusions hereinafter set forth for the limited purpose of determining whether the settlement should be approved as being fair, reasonable, adequate and in the best interests of the Settlement Class;

Having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order, having heard the presentation of Class Counsel and counsel for Defendant, having reviewed all of the submissions presented with respect to the proposed Settlement Agreement, having determined that the Settlement Agreement is fair, adequate, and reasonable, and having reviewed the materials in support thereof, and good cause appearing, the undersigned makes the following findings and conclusions in this Memorandum and Recommendation:[2]

    1.    The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all Parties thereto, including the Settlement Class.

---

[2] Unless otherwise indicated, words spelled in this Memorandum and Recommendation with initial capital letters have the same meaning as set forth in the Settlement Agreement.

2. The Settlement involves allegations in Plaintiffs' Class Action Complaint against Defendant for failure to implement or maintain adequate data security measures and safeguards to protect Private Information, which Plaintiffs allege directly and proximately caused injuries to Plaintiffs and Settlement Class Members.

3. The Settlement does not constitute an admission of liability by Defendant, and the undersigned expressly does not make any finding of liability or wrongdoing by Defendant.

4. The undersigned, having reviewed the terms of the Settlement Agreement submitted by the Parties pursuant to Federal Rule of Civil Procedure 23(e)(2), respectfully recommends granting final approval of the Settlement Agreement and for purposes of the Settlement Agreement and the Final Order and Judgment only, the undersigned respectfully recommends finally certifying the following Settlement Class:

> All individuals whose Private Information was compromised or potentially compromised in the Data Security Incident.

Specifically excluded from the Settlement Class are:

> (1) the judge presiding over this Action, and members of their direct families; (2) the Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, and employees; and (3) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

5. The Settlement was entered into in good faith following arm's length negotiations and is non-collusive. The Settlement is in the best interests of the Settlement Class. The undersigned finds that the Parties faced significant risks, expenses, delays, and uncertainties, including as to the outcome, including on appeal, of continued litigation of this complex matter, which further supports the undersigned's finding that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class Members. The undersigned finds that

the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the settlement reflected in the Settlement Agreement.

6. The Settlement Agreement provides, in part, and subject to a more detailed description of the settlement terms in the Settlement Agreement, for:

    a. Claims Administration as outlined in the Settlement Agreement whereby Settlement Class Members can submit claims that will be evaluated by a Claims Administrator.

    b. Defendant to pay all costs of Claims Administration from the Settlement Fund, including the cost of the Claims Administrator, instituting Notice, processing and administering claims, and preparing and mailing checks.

    c. Defendant to pay, subject to the approval and award of the Court, the reasonable attorneys' fees, costs, and expenses of Class Counsel and a Service Award to the Class Representative from the Settlement Fund.

The undersigned readopts and incorporates herein by reference the Honorable Frank D. Whitney's preliminary conclusions as to the satisfaction of Federal Rule of Civil Procedure 23(a) and (b)(3) set forth in the Preliminary Approval Order and notes that because this certification of the Settlement Class is in connection with the Settlement Agreement, the undersigned need not address any issues of manageability that may be presented by certification of the class proposed in the Settlement Agreement.

7. "Rule 23(e) of the Federal Rules of Civil Procedure obliges parties to seek approval from the district court before settling a class-action lawsuit." In re: Lumber Liquidators Chinese-Manufactured Flooring Prod. Mktg., Sales Pracs. & Prod. Liab. Litig., 952 F.3d 471, 483 (4th Cir.

2020) (citing Fed. R. Civ. P. 23(e)). "[T]he court may approve the proposed settlement 'only after a hearing and only on finding that the proposed settlement is fair, reasonable, and adequate.'" Id. at 484 (quoting Fed. R. Civ. P. 23(e)(2)) (alterations omitted). When considering the fairness of a settlement, courts focus on ensuring "a settlement is reached as a result of good-faith bargaining at arm's length, without collusion." Id. at 484-85. In the Fourth Circuit, courts consider the following factors when determining a settlement's fairness: "(1) the posture of the case at the time settlement was proposed; (2) the extent of discovery that had been conducted; (3) the circumstances surrounding the negotiations; and (4) the experience of counsel in the area of [the] class action litigation." Id. at 484 (citing In re Jiffy Lube Sec. Litig., 927 F.2d 155, 159 (4th Cir. 1991)). In addition, although the Fourth Circuit has "not enumerated factors for assessing a settlement's reasonableness," it has specified the following factors when assessing a settlement's adequacy: "(1) the relative strength of the plaintiffs' case on the merits; (2) the existence of any difficulties of proof or strong defenses the plaintiffs are likely to encounter if the case goes to trial; (3) the anticipated duration and expense of additional litigation; (4) the solvency of the defendant[ ] and the likelihood of recovery on a litigated judgment; and (5) the degree of opposition to the settlement."[3] Id. (citing In re Jiffy Lube Sec. Litig., 927 F.2d at 159).

8. Considering all of this, the undersigned finds that the terms of the Settlement Agreement are fair, adequate, and reasonable, and respectfully recommends they be approved, adopted, and incorporated by the Court. Notice of the terms of the Settlement, the rights of

---

[3] "On December 1, 2018 . . . Rule 23(e)(2) was amended to specify factors for assessing the 'fairness, reasonableness, and adequacy' of a class-action settlement." In re Lumber Liquidators Chinese-Manufactured Flooring Prod. Mktg., Sales Pracs. & Prod. Liab. Litig., 952 F.3d at 484 n.8 (citing Fed. R. Civ. P. 23(e)(2)). Courts in the Fourth Circuit continue to evaluate class action settlements considering the Jiffy Lube factors "because [those] factors for assessing class-action settlements almost completely overlap with the new Rule 23(e)(2) factors, [such that] the outcome . . . would be the same under both our factors and the Rule's factors." Id.

Settlement Class Members under the Settlement, the Final Approval Hearing, Plaintiffs' application for attorneys' fees, costs, and expenses, and the Service Award payment to the Class Representatives have been provided to Settlement Class Members as directed by this Court's Orders, and proof of Notice has been filed with the Court.

9. The undersigned finds that the notice program, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and their right to object and to appear at the final approval hearing or to exclude themselves from the Settlement Agreement, and satisfied the requirements of the Federal Rules of Civil Procedure and other applicable law

10. The undersigned finds that Defendant has fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

11. As of the Opt-Out deadline, three (3) potential Settlement Class Members have requested to be excluded from the Settlement. Their names are set forth in Exhibit A to this Memorandum and Recommendation. The undersigned respectfully recommends that those persons not be bound by the Settlement Agreement and the Final Order and Judgment. Further, those persons are not entitled to any of the benefits afforded to the Settlement Class Members under the Settlement Agreement, as set forth in the Settlement Agreement.

12. No objections were filed by Settlement Class Members.

13. All Settlement Class Members who have not objected to the Settlement Agreement in the manner provided in the Settlement Agreement are deemed to have waived any objections by

appeal, collateral attack, or otherwise.

14. The undersigned has considered all the documents filed in support of the Settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all information received at the Final Approval Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the undersigned.

15. The undersigned respectfully recommends that the Parties, their respective attorneys, and the Claims Administrator be directed to consummate the Settlement in accordance with this Memorandum and Recommendation and the terms of the Settlement Agreement.

16. The undersigned respectfully recommends that pursuant to the Settlement Agreement, Defendant, the Claims Administrator, and Class Counsel be directed to implement the Settlement in the manner and timeframe as set forth therein.

17. The undersigned respectfully recommends that, within the time period set forth in the Settlement Agreement, the relief provided for in the Settlement Agreement shall be made available to the various Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions of the Settlement Agreement.

18. The undersigned respectfully recommends that, pursuant to and as further described in the Settlement Agreement, Plaintiffs and the Settlement Class Members release claims as follows:

> Upon Final Approval of this Settlement Agreement, Settlement Class members release, acquit, and forever discharge Defendant and each of its present and former parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, Board of Trustees, and the present and former directors, officers, employees, agents, insurers, shareholders, attorneys, advisors, consultants, representatives, partners, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers, and the predecessors, successors, and assigns of each of them as well as covered entities associated with the Data Security Incident ("Released Parties") from all liabilities, rights, claims, actions, causes of action, demands, damages, penalties, costs, attorneys' fees, losses, and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated,

legal, statutory, or equitable, that result from, arise out of, are based upon, or relate to any release of Private Information from the Data Security Incident, and conduct that was alleged or could have been alleged in the Litigation, including, without limitation, any claims, actions, causes of action, demands, damages, penalties, losses, or remedies relating to, based upon, resulting from, or arising out of the disclosure of Private Information from the Data Security Incident (the "Released Claims"), provided that nothing in this Release is intended to, does or shall be deemed to release any claims not arising out of, based upon, resulting from, or related to the Data Security Incident.

Upon the Effective Date, Defendant and its representatives, officers, agents, directors, principals, affiliates, employees, insurers, and attorneys shall be deemed to have released, acquitted, and forever discharged the Settlement Class Representatives and Class Counsel from any and all claims or causes of action of every kind and description, including any causes of action in law, claims in equity, complaints, suits or petitions, and any allegations of wrongdoing, demands for legal, equitable or administrative relief (including, but not limited to, any claims for injunction, rescission, reformation, restitution, disgorgement, constructive trust, declaratory relief, compensatory damages, consequential damages, penalties, exemplary damages, punitive damages, attorneys' fees, costs, interest or expenses), whether known or unknown, that arise out of, are based upon, or relate to prosecution of the Action, the Settlement Agreement, or the Settlement claims process (provided, however, that this release and discharge shall not include claims relating to the enforcement of the terms of the Settlement or the Agreement).

Upon entry of the Final Approval Order, the Settlement Class Representatives and other Settlement Class Members shall be enjoined from prosecuting any claim they have released in the preceding paragraphs in any proceeding against Defendant or based on any actions taken by any of the Released Parties that are authorized or required by this Agreement or by the Final Approval Order. Likewise, Defendant and its representatives, officers, agents, directors, principals, affiliates, employees, insurers, and attorneys shall be enjoined from prosecuting any claim they have released in the preceding paragraphs in any proceeding against Settlement Class Representatives and Class Counsel or based on any actions taken by Settlement Class Representatives and Class Counsel that are authorized or required by this Agreement or by the Final Approval Order. It is further agreed that the Settlement may be pleaded as a complete defense to any proceeding subject to this section.

19. The undersigned respectfully recommends final approval of the appointment of Plaintiffs as Class Representatives. The undersigned concludes that Class Representatives have fairly and adequately represented the Settlement Class and will continue to do so.

20. Pursuant to the Settlement Agreement, and in recognition of their efforts on behalf of the Settlement Class, the undersigned respectfully recommends approving a payment to each of the Class Representatives in the amount to be determined by the Honorable Frank D. Whitney

when ruling on Plaintiffs' pending Motion for Approval of Attorneys' Fees, Expenses, and Service Award (Doc. No. 50). The undersigned respectfully recommends Defendant shall make such payment of the Service Award in the amount to be determined in accordance with the terms of the Settlement Agreement.

21. The undersigned respectfully recommends final approval of the appointment of David Lietz of Milberg Coleman Bryson Phillips Grossman and Raina Borrelli of Turke & Strauss LLP as Class Counsel. The undersigned concludes that Class Counsel has adequately represented the Settlement Class and will continue to do so.

22. The undersigned respectfully recommends permitting Class Counsel's application for attorneys' fees, and costs and expenses, in an amount determined by the Honorable Frank D. Whitney. The undersigned respectfully recommends that payment of such amounts to be determined shall be made pursuant to the terms of the Settlement Agreement.[4]

23. The parties have jointly agreed that the Settlement Agreement, the Final Order and Judgment that, and all acts, statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendant of any claim, any fact alleged in the Litigation, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Defendant's or of the validity or certifiability for litigation of any claims that have been, or could have been, asserted in the lawsuit. The parties have further jointly agreed that the Final Order and Judgment, the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement shall not be offered or received or be admissible in evidence in any action

---

[4] Plaintiffs' pending Motion for Approval of Attorneys' Fees, Expenses, and Service Award (Doc. No. 50) is not referred to the undersigned Magistrate Judge, and counsel present at the hearing were informed that the undersigned will not rule on such motion.

or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiffs, any Settlement Class Member, or any other person has suffered any damage; provided, however, that the Settlement Agreement and the Final Order and Judgment may be filed in any action by Defendant, Class Counsel, or Settlement Class Members seeking to enforce the Settlement Agreement or the Final Order and Judgment (including, but not limited to, enforcing the releases contained herein). In addition, the parties have jointly agreed that the Settlement Agreement, and the Final Order and Judgment shall not be construed or admissible as an admission by Defendant that Plaintiff's claims or any similar claims are suitable for class treatment. Finally, the parties have jointly agreed that the Settlement Agreement's terms shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims and other prohibitions set forth in this Memorandum and Recommendation and the Final Order and Judgment that are maintained by, or on behalf of, any Settlement Class Member or any other person subject to the provisions of this Memorandum and Recommendation and the Final Order and Judgment. The undersigned has reviewed these agreed terms and respectfully recommends adopting them in the Final Order and Judgment.

24. Without affecting the finality of the Final Order and Judgment, the undersigned respectfully recommends that the Court retain jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement Agreement for all purposes and also pursuant to Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 382, 114 S. Ct. 1673, 1677, 128 L. Ed. 2d 391 (1994).

25. The undersigned respectfully recommends that if the Honorable Frank D. Whitney adopts this Memorandum and Recommendation, such Order adopting this Memorandum and Recommendation resolves all claims against all Parties in this action.

26. The undersigned respectfully recommends that the matter be dismissed with prejudice and without costs except as provided in the Settlement Agreement.

## TIME FOR OBJECTIONS

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

The Clerk is directed to send copies of this Memorandum and Recommendation to the parties' counsel, and the Honorable Frank D. Whitney.

**SO RECOMMENDED**.

Signed: January 30, 2024

_____
Susan C. Rodriguez
United States Magistrate Judge

# EXHIBIT A

Lamie et al v LendingTree LLC
Exclusion Request List

| ClaimID | First Name | Last Name |
|---|---|---|
| LTL-100240828 | JASON | KIRKPATRICK |
| LTL-100467504 | ELAINE | LONGFELLOW |
| LTL-100547737 | GWENDOLYN | REYNOLDS |