UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:22-CV-00307-FDW-DCK

| | |
|---|---|
| CHRISTOPHER LAMIE, on behalf of himself and all others similarly situated, ) ) ) Plaintiffs, ) ) v. ) ) LENDINGTREE, LLC, ) ) Defendant. ) ) | **ORDER** |

**THIS MATTER** is before the Court on the parties' unopposed Motion for Final Approval of Class Action Settlement, (Doc. No. 52), and Motion for Attorneys' Fees, (Doc. No. 50). On January 25, 2024, upon referral from the undersigned, (Doc. No. 54), Magistrate Judge Susan C. Rodriguez conducted the Final Approval Hearing, where counsel for all parties presented argument. During the hearing, Judge Rodriguez also provided an opportunity for anyone present to object to the settlement or otherwise be heard by the Court. (Doc. No. 59, p. 26.) No persons indicated during the hearing that they wished to be heard or object. (Id.)

Following the hearing and pursuant to 28 U.S.C. § 636(b)(1)(B), Judge Rodriguez issued a Memorandum and Recommendation, (Doc. No. 56; hereinafter "M&R")), recommending the Motion for Final Approval be GRANTED. No party has filed an objection to the M&R, and the time for doing so has expired.

Upon a careful review of the M&R, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Because no objections have been filed, the court reviews the magistrate judge's findings and conclusions only for clear error and need not give any explanation for adopting the M&R. Diamond

1

v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

Upon careful review of the M&R and the record presented, including the transcript of the Final Approval Hearing, (Doc. No. 59), and finding no clear error, the court ADOPTS the M&R's recommendation, including the findings of fact and conclusions of law, as its own as if fully set forth herein. For the reasons stated in the M&R, the Motion for Final Approval is GRANTED.

Turning to the Motion for Attorneys' Fees, the Court GRANTS the motion. After reviewing the initial motion, the Court ordered supplemental briefing on the reasonableness of the attorneys' fees sought in this case. (Doc. No. 55.) Plaintiffs' counsel provided a supplemental brief and declaration, (Doc. Nos. 57, 58), and counsel also provided additional argument on the record during the Final Approval Hearing, (Doc. No. 59), which this Court has also reviewed.

Counsel requests a percentage-of-recovery award of one-third of the settlement fund—which equals $291,667.67—in attorneys' fees; $18.281.77 in litigation expenses, and a $3,000 service award to each Class Representative. (Doc. No. 50). As for attorneys' fees, counsel indicates incurring actual attorney fees of $231,231.60 for 349.1 hours of work and has provided hourly rates for each billing attorney or legal professional. Counsel represents the difference between their requested attorneys' fees and actual attorneys' fees equates to a lodestar multiplier of 1.26. (Doc. No. 57, p. 2.) Looking to litigation expenses, counsel's original request of $18.281.77 included an "estimate" for $2,000 in costs associated with the Final Approval Hearing, (Doc. No. 50, p. 13). The supplemental filing, while directed to address attorneys' fees, also indicates the estimate for costs failed to include any travel expenses for the Final Approval Hearing and those actual expenses resulted in a total of $19,139.35 for litigation expenses. (Doc. No. 57, p. 1.)

2

As the Court previously explained in ordering supplemental briefing, the applicable law governing the motion for attorneys' fees suggests consideration of several factors. Rule 23(h) provides in relevant part, "In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). In a class action case, "There are two main methods for calculating the reasonableness of attorneys' fees—the lodestar method and the percentage-of-recovery method." McAdams v. Robinson, 26 F.4th 149, 162 (4th Cir. 2022). "The lodestar method calculates reasonable fees by multiplying the number of reasonable hours expended times a reasonable rate." Id. (quoting McAfee v. Boczar, 738 F.3d 81, 88 (4lh Cir. 2013)). "The percentage-of-recovery method considers the portion of the total settlement fund that will go to attorneys' fees." McAdams, 26 F.4th at 162. The Fourth Circuit made clear, "A district court may choose the method it deems appropriate based on its judgment and the facts of the case." Id. at 163. In so ruling, the McAdams decision—issued in 2022—explicitly noted, with citation to a lower district court decision, "'The Fourth Circuit has neither announced a preferred method for determining the reasonableness of attorneys' fees in common fund class actions nor identified factors for district courts to apply when using the percentage method.'" Id. (quoting Jones v. Dominion Res. Servs., Inc., 601 F. Supp. 2d 756, 760 (S.D. W. Va. 2009)).[1] Without a clear preference, courts in this Circuit "will review the lodestar method to serve as a 'cross-check' to ensure that the percentage award is fair and reasonable." Kruger v. Novant Health, Inc., No. 1:14CV208, 2016 WL 6769066, at *4 (M.D.N.C. Sept. 29, 2016) (cleaned up; collecting cases); see also Donaldson v. Primary Residential Mortg.,

---

[1] In contrast, the Fourth Circuit has rejected the *converse* argument that the district court should conduct a *percentage-of-recovery "cross-check"* to ensure the reasonableness of its lodestar award. In re Lumber Liquidators Chinese-Manufactured Flooring Prod. Mktg., Sales Pracs. & Prod. Liab. Litig., 27 F.4th 291, 307 (4th Cir. 2022). In so ruling, the Fourth Circuit noted, "CAFA, however, does not require such a practice." Id. (citing In re Hyundai & Kia Fuel Econ. Litig., 926 F.3d 539, 571 (9th Cir. 2019)).

Inc., Civ. No. ELH-19-1175, 2021 WL 2187013, at *8 (D. Md. May 28, 2021) ("Courts in this circuit generally use a percentage of recovery method and supplement it with the lodestar method as a cross-check.").

Applying these principles, the Court finds Plaintiffs' request for attorneys' fees of $291,666.67, litigation expenses of $18,281.77, and service awards of $3,000 for each of the two Class Representatives are reasonable. Specifically, under this record, the Court concludes the percentage-of-recovery method using one-third of the common fund to be a reasonable calculation of attorneys' fees here. See McAdams, 26 F.4th at 162 (affirming attorneys' fees award of 43% of the common fund and acknowledging "[T]his percentage approaches the upper limit of a permissible recovery. But it isn't unheard of." (citation omitted)). Counsel's representation of hourly rates and hours incurred in this litigation appear reasonable, and application of the lodestar method as a cross-check indicates a modest multiplier of 1.26. (Doc. No. 58); see, e.g., Hager v. Omnicare, Inc., No. 5:19-CV-00484, 2021 WL 5311307, at *11 (S.D.W. Va. Nov. 15, 2021) (noting lodestar multiplier 2.84 times the lodestar calculation as "well within the range of multipliers that obtain approval in the Southern District of West Virginia, the Fourth Circuit, and in other federal courts." (collecting cases);

In making this award, the Court highlights the quality, skill, and experience of counsel; the risks of no recovery for class members should the case proceed in litigation; and the excellent results—including options for class members to receive monetary compensation—that counsel obtained early in this litigation and without any objection from class members. See Rodriguez v. Riverstone Communities, LLC, No. 5:21-CV-486-CD, 2024 WL 407483, at *1 (E.D.N.C. Feb. 2, 2024) ("Fourth Circuit courts often use the following factors in determining reasonableness of fees pursuant to the percent-of-recovery method: (1) the results obtained for the Class; (2) objections

4

by members of the Class to the settlement terms and/or fees requested by counsel; (3) the quality, skill, and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) public policy; and (7) awards in similar cases." (citing Hall v. Higher One Machines, Inc., No. 5-15-CV-670-F, 2016 WL 5416582, at *7 (E.D.N.C. Sept. 26, 2016) (citing In re Mills Corp. Sec. Litig., 265 F.R.D. 246, 261 (E.D. Va. 2009)) (cleaned up)). To the extent this award of attorneys' fees may impact the common fund amount available to class members,[2] the notices sent to class members explained the settlement in great detail and indicated attorneys' fees would be deducted from the settlement fund prior to making payments to class members: "After deducting the costs of notice and settlement administration, Court-approved attorneys' fees, costs and expenses, and Class Representative service awards, the net Settlement Fund will be used to pay Settlement Class Members who submit a valid Claim Form. (Doc. No. 45-1, p. 34; see also Doc. No. 45-1, p. 27 ("estimated cash payment")). The Court finds, in its discretion, the amount of requested attorneys' fees—one third of the Settlement Fund as set forth in the Settlement Agreement—to be reasonable.

The Court also awards reasonable litigation expenses of $18,281.77. Under this record, the Court declines to increase the original requested amount of actual litigation expenses to include the travel expenses identified in the supplemental briefing on attorneys' fees.

Finally, the Court also concludes the requested service award of $3,000 for each Class Representative to reasonable under this record.

IT IS THEREFORE ORDERED the Motion for Final Approval of Class Action Settlement, (Doc. No. 52), is GRANTED for the reasons stated in the Memorandum and Recommendation, (Doc. No. 56), which is hereby ADOPTED as if fully set forth herein.

---

[2] The Court's calculations indicate a modest impact of approximately 7% of the settlement fund as a result of awarding a percentage-of-recovery attorney's fees as compared to actual fees incurred.

IT IS FURTHER ORDERED that the Motion for Attorneys' Fees, (Doc. No. 50), is GRANTED, and the Court ORDERS the award of attorneys' fees, expenses, and service award as contemplated by the Settlement Agreement, which is $291,666.67 in attorneys' fees, $18,281.77 in reasonable litigation expenses, and a $3,000 service award to each Class Representative.

IT IS SO ORDERED.

Signed: February 27, 2024

Frank D. Whitney
United States District Judge